UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                  Case No. 18-75807 (AST)

BIG APPLE ENERGY, LLC,                                                  Chapter 7

        Debtor.
-----------------------------------------------------------x
In re:                                                                                  Case No. 18-75808 (AST)

CLEAR CHOICE ENERGY, LLC,                                           Chapter 7

        Debtor.                                                            Jointly Administered
-----------------------------------------------------------x
RICHARD L. STERN, Solely in His Capacity as
Chapter 7 Trustee of the Jointly Administered
Estates of Big Apple Energy, LLC and
Clear Choice Energy, LLC,

        Plaintiff,                                                           Adv. Pro. No. 20-08121 (AST)

   -against-

GLENWOOD CAPITAL LLC,

        Defendant.
-----------------------------------------------------------x

## JOINT DISCOVERY CONTROL PLAN

Plaintiff Richard L. Stern, solely in his capacity as the Chapter 7 Trustee ("Plaintiff" or "Trustee") of the jointly administered estates of Big Apple Energy, LLC ("Big Apple") and Clear Choice Energy, LLC ("Clear Choice", along with Big Apple are collectively the "Debtors"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, and the defendant, Glenwood Capital LLC ("Defendant"), by its attorneys, Meyer Suozzi, English & Klein, P.C., as and for their Joint Discovery Control Plan ("Joint Discovery Plan") in this adversary proceeding ("Adversary Proceeding"), jointly state as follows:

## CERTIFICATION

1. Pursuant to the Court's general practices, counsel for Plaintiff and counsel for Defendant (collectively, the "Parties") conferred in accordance with Rule 7026(f) of the Federal Rules of Bankruptcy Procedure (the "Rule 26(f) Conference").

1. In connection with the Rule 26(f) Conference, the Parties discussed the nature of the claims and defenses in the Adversary Proceeding. Specifically, Plaintiff's complaint seeks to, among other things, avoid and recover transfers of no less than $500,000 pursuant to 11 U.S.C. §§ 105(a), 323, 502, 541, 542, 544, 547, 548, and 550 the New York State Debtor and Creditor Law, New York Limited Liability Company Law § 508 and Bankruptcy Rules 6009 and 7001.

2. Defendant has denied liability to Plaintiff, and has asserted affirmative defenses in its answer to the complaint, including but not limited to that the Debtors were solvent at the time of the transfers, the transfers were made in the ordinary course of business, Defendant provided new value after or contemporaneously with the transfers, and Defendant received the transfers in good faith and for reasonably equivalent value.

3. In connection with the Rule 26(f) Conference, the Parties have engaged in preliminary good faith settlement discussions.

## PROPOSED DISCOVERY PLAN

4. During the Rule 26(f) Conference, counsel for Plaintiff and Defendant discussed and agreed upon the following:

a) Plaintiff and Defendant will serve their Rule 26 Disclosures, to the extent not previously served, no later than June 30, 2021;

b) Plaintiff has identified Joseph A. Broderick, CPA as his expert witness, and reserves the right to employ a further expert witness. Defendant has not yet identified its expert witness and reserves the right to identify and employ an expert witness once Plaintiff provides a copy of his expert report.

At such time as the Parties designate their expert witnesses, each shall comply with its expert disclosure obligations under Rule 7026 of the Federal Rules of Bankruptcy Procedure;

See paragraph "5" below.

c) All discovery shall be completed by September 30, 2021;

d) Dispositive motions, if any, shall be served and filed no later than October 31, 2021;

e) Plaintiff believes that he can present his case in chief in one (1) day. Defendant believes that it can present its case in one (1) day; and

f) The Parties propose a trial date after November 30, 2021.

5. The Parties have not been able to agree regarding the timing of the production of Plaintiff's expert report/analysis. The Parties intend to raise such issue at the June 15, 2021 Court conference and request a ruling thereon.

Dated: June 1, 2021

| **LAMONICA HERBST & MANISCALCO, LLP** | **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.** |
| --- | --- |
| Attorneys for Richard L. Stern, Plaintiff | Attorneys for Glenwood Capital LLC, Defendant |

By: *s/ Jacqulyn S. Loftin*
    Jacqulyn S. Loftin, Esq.
    3305 Jerusalem Avenue, Suite 201
    Wantagh, New York 11793
    Tel. (516) 826-6500

By: *s/ Edward J. LoBello*
    Edward J. LoBello, Esq.
    Member of the Firm
    990 Stewart Avenue, Suite 300
    Garden City, New York 11530
    Direct (516) 592-5706